IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARLES PORTES HERRERA,**<br><br>Petitioner,<br><br>v.<br><br>**MICHAEL L. BENOV, Administrator,**<br><br>Respondent. | **Case No. 1:13-cv-00619 AWI MJS (HC)**<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner raises two claims challenging a disciplinary hearing in which he suffered a loss of good time credit. First, he asserts that the Disciplinary Hearing Officer ("DHO"), an employee of a privately-run correctional institution, did not have authority to discipline him. Second, he asserts that his right to due process was violated when discipline was imposed by the DHO since the DHO was not an independent and impartial decision-maker. (Pet. at 3, ECF No. 1.)

Petitioner filed his petition on April 29, 2013. Respondent filed an answer to the Petition on July 30, 2013. (Answer, ECF No. 13.) Petitioner filed a traverse to the answer on August 12, 2013. (Traverse, ECF No. 14.)

///

1

## I.  **FACTUAL BACKGROUND**

Petitioner is serving an aggregated 160-month term of imprisonment for possession and conspiracy to possess a controlled substance with intent to distribute originating from the Northern District of Texas. (See Decl. of Jennifer Vickers ("Vickers Decl.") ¶ 2, Attach. 1.) On March 4, 2008, Petitioner arrived at Taft Correctional Institution ("TCI") in Taft, California, for service of a federal term of imprisonment. (Id. ¶ 3, Attach. 3.) TCI is a "federal facility operated by a private company."[1] On May 23, 2010, Petitioner was found to have commited the unauthorized acts of possession of a thing not authorized and stealing and was sanctioned a loss of 27 days of good conduct time. (Id. ¶ 4, Attachs. 4-7.)

Specifically, on April 23, 2010, a search of Petitioner's locker revealed six laundry issued shampoo bottles, 14 plastic bags, a bag of metal fasteners, 15 white t-shirts, five pillowcases, two sheets, four washcloths, two towels, a chowhall dish, three pairs of boxers, a pair of socks, tweezers, four nail clippers, and 18 bars of laundry soap. Petitioner was charged with possession of things not authorized and stealing. (Id. ¶ 4, Attachs. 4-7.) On May 13, 2010, a disciplinary hearing was held. Petitioner admitted that he took the items from the laundry and was found to have commited the prohibited acts. He was sanctioned a loss of 27 days good conduct time, 15 days of disciplinary segregation, and two months loss of commissary privlidges. (Id.)

The DHO's report and findings were reviewed by Bureau of Prisons ("BOP") staff, the findings were certified, and the recommended sanctions were imposed. Petitioner challenges the results of the hearing claiming that the DHO was not authortized to impose sanctions because regulations governing disciplinary hearings authorize only BOP staff to sanction inmates and also claiming that the DHO was not impartial.

///

---

[1] See Minneci v. Pollard, 132 S. Ct. 617, 620 (2012). Taft Correctional Institution is a private prison currently owned by Management and Training Corporation which contracts with the Bureau of Prisons to house federal inmates.

2

## II. STANDARD OF REVIEW

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).

Further, Petitioner is challenging the execution of his sentence at TCI in Taft, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## II. REVIEW OF THE PETITION

### A. Exhaustion of Administrative Remedies

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."[2] Ward v. Chavez, 678 F.3d 1042, 1045-1046 (9th Cir. 2012). The exhaustion requirement in § 2241 cases is not required by statute nor a "jurisdictional" prerequisite. It is a prudential limit on jurisdiction and can be waived "if pursuing those [administrative] remedies would be futile." Id.; Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

Petitioner did not appeal and exhaust his administrative remedies regarding the

---

[2] By contrast, 28 U.S.C. § 2254, which governs habeas corpus petitions filed by petitioners in state custody, specifically requires that petitioners exhaust other avenues of relief. See 28 U.S.C. § 2254(b)(1).

3

disciplinary finding. Petitioner argues, however, that any administrative appeal would have been futile since the outcome was based on a BOP policy. (Traverse at 3.) A March 30, 2007, BOP memorandum regarding inmate discipline at private operated facilities authorized private prison employees to serve as DHOs and discipline inmates. (Decl. of Jennifer Vickers ("Vickers Decl.") ¶ 4, ex. 6.) Administrative appeals presenting a challenge to the authority of an employee of a private prison have been denied based on the 2007 memorandum. See e.g., Garcia v. Benov, E.D. Cal. Case No. 1:13-cv-00550-LJO-JLT, ECF No. 13-1 at 40-42; Torres-Sainz v. Benov, E.D. Cal. Case No. 1:13-cv-00896-LJO-SKO, ECF No. 14-1 at 32-36; Kasirem v. Benov, E.D. Cal. Case No. 1:13-cv-01026-LJO-MJS, ECF No. 13-1 at 35-38.[3] Because any attempt to exhaust administrative remedies would be denied based on the BOP memorandum authorizing private prisons to conduct disciplinary proceedings, exhaustion is futile. Ward v. Chavez, 678 F.3d at 1045-1046 (citing, as examples, Fraley, 1 F.3d at 925; Sours v. Chavez, No. 2:08-cv-01903-SRB, Dkt. No. 22, 2009 U.S. Dist. LEXIS 76743 at *2 (D. Ariz. June 17, 2009)); see also McCarthy v. Madigan, 503 U.S. 140, 148 (1992), (superseded by statute) (Exhaustion not required where the administrative body is shown to be biased or has otherwise predetermined the issue before it.). In light of the futility of pursuing administrative remedies, the exhaustion requirement is waived, and the Court shall review the merits of the petition.

### B.  Lack of Authority of DHO

#### 1.  Authority Under the Prior Version of the Regulations

Petitioner, in his first claim, asserts that the DHO lacked authority to discipline Petitioner as the DHO was not an employee of the BOP as required by applicable Federal Regulations. Here, Petitioner's disciplinary violation occurred prior to the revision of the regulations on June 20, 2011. 76 Fed. Reg. 11078 (March 1, 2011). Accordingly,

---

[3] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of documents filed in related habeas challenges.

the Court shall analyze the claims as asserted under the prior regulatory sections.

In support of his claim, Petitioner relies on a recent unpublished Ninth Circuit case in which the same DHO that disciplined Petitioner was found to lack authority under the previous version of the regulation to sanction inmates. See Arredondo-Virula v. Adler, 510 Fed. Appx. 581, 582 (9th Cir. 2013). The Ninth Circuit held:

> Logan [the DHO] was not an employee of the Bureau of Prisons (the B.O.P.) or Federal Prison Industries, Inc. as required by the applicable regulation in place at the time. 28 C.F.R § 541.10(b)(1) (2010). The regulation provided: "only institution staff may take disciplinary action." Staff was defined as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." 28 C.F.R. § 500.1(b). We note that 28 C.F.R § 541.10(b)(1) is no longer in force.
>
> [Respondent] concedes that [the DHO] was not an employee of the B.O.P. or Federal Prison Industries, Inc. At oral argument, his counsel suggested that [the DHO] was "an officer". He was not an officer of the B.O.P.
>
> A significant difference exists between employees and independent contractors. Minneci v. Pollard, 132 S. Ct. 617, 623, 181 L. Ed. 2d 606 (2012) (federal inmates have no federal Bivens cause of action for damages against privately-run prison workers because these workers are not federal employees), see also Allied Chem. & Akali Workers of Amer., Local Union No. 1 v. Pittsburgh Plate Glass Co. et al., 404 U.S. 157, 167, 92 S. Ct. 383, 30 L. Ed. 2d 341 (1971). Under the plain meaning of the law, [the DHO] was not authorized to discipline [Petitioner].

Arredondo-Virula, 510 Fed. Appx. at 582.

### a. Collateral Estoppel

Respondent, or in this case his presdecessor, have previously had the opportunity to litigate the issue, and the Ninth Curcuit issued an unpublished case based on the merits of the petition. See Arredondo-Virula, 510 Fed. Appx. at 582. While unpublished dispositions and orders of Ninth Circuit are not usually considered precedent, they are "when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." 9th Cir. Rule 36-3(a). It is noted that principles of res judicata are "not wholly applicable to habeas corpus proceedings." See Preiser v. Rodriguez, 411 U.S. 475, 497 (1973). However, the reasoning for the inapplicability of res judicata to state and federal convictions to allow habeas review is not at issue in the present situation. Id. ("Hence, a state prisoner in the respondents' situation who has been denied relief in the

state courts is not precluded from seeking habeas relief on the same claims in federal court.").

The Ninth Circuit has found collateral estoppel where: (1) the issue necessarily decided at the previous proceeding is identical to the one that is currently sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1021 (9th Cir. 2012); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006).

Here, the issue decided in Arredondo-Virula is identical to the one presented here. This petition involves the exact same regulations and procedures implemented by the same correctional institution. The Ninth Circuit decided the issue on the merits, and Respondent, as the subsequent warden or administrator of the facility at which Petitioner is housed, is the same defendant or in privity with the prior respondent. Should issue preclusion apply to habeas proceedings, this Court finds that it should apply to prevent Respondent from relitigating this issue that has previously been adjudicated at the cost of significant judicial resources.

While a Court may sua sponte raise issue preclusion, the parties must be provided an opportunity to be heard on the issue. See Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1054-1055 (9th Cir. 2005). Respondent shall have the opportunity to respond to explain why issue preclusion should not apply in his objections to the findings and recommendation.

      b. Merits

Regardles of issue preclusion, the Court finds that the regulations at issue do not provide authority for an employee of a private corporation to sanction Peittioner.

        i. Legal Standard for Review and Application of Federal Regulations

To resolve the present claims of Petitioner, the Court must interpret the meaning of the regulations and determine whether the BOP is bound by the regulations. The

standards for review and application of federal regulations are well established under federal law.

With respect to interpretation of federal regulations, the agency's interpretation of ambigious regulations is provided deference. Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2166 (2012). "It is well established that an agency's interpretation need not be the only possible reading of a regulation--or even the best one--to prevail." Decker v. Northwest Envtl. Def. Ctr., 133 S. Ct. 1326, 1337 (2013). Under Auer v. Robbins and Seminole Rock, a court will defer to an agency's interpretation of its regulations, "even in a legal brief, unless the interpretation is plainly erroneous or inconsistent with the regulations or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." Talk Am., Inc. v. Mich. Bell Tel. Co., 131 S. Ct. 2254, 2260-2261 (2011) (citation omitted); Chase Bank USA, N. A. v. McCoy, 131 S. Ct. 871, 881 (2011); Auer v. Robbins, 519 U.S. 452, 461 (1997); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 411 (1945); Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Rels., 730 F.3d 1024, 2013 U.S. App. LEXIS 19255 (9th Cir. 2013). "This is generally called Seminole Rock or Auer deference." Decker, 133 S. Ct. at 1339 (Scalia, J., dissenting.) Justice Scalia summarized Auer deference as follows:

> In practice, Auer deference is Chevron deference applied to regulations rather than statutes. See Chevron U.S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984). The agency's interpretation will be accepted if, though not the fairest reading of the regulation, it is a plausible reading--within the scope of the ambiguity that the regulation contains.

Id. at 1339-1340.

With respect to the inquiry whether the interpretation does not reflect the agency's fair and considered judgment on the matter in question, "[i]ndicia of inadequate consideration include conflicts between the agency's current and previous interpretations; signs that the agency's interpretation amounts to no more than a convenient litigating position; or an appearance that the agency's interpretation is no

7

more than a post hoc rationalization advanced by an agency seeking to defend past agency action against attack." Price v. Stevedoring Servs. of Am., Inc., 697 F.3d 820, 830 n.4 (9th Cir. 2012) (en banc)) (citing Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 213 (1988) and Auer, 519 U.S. at 462).

Where a court declines to give an interpretation Auer deference, it accords the agency's "interpretation a measure of deference proportional to the 'thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade.'" Christopher, 132 S. Ct. at 2169 (quoting United States v. Mead Corp., 533 U.S. 218, 228 (2001)); Indep. Training & Apprenticeship Program, 2013 U.S. App. LEXIS 19255 at *27. This amount of consideration will "vary with circumstances" and may be "near indifference," such as has been given in some cases when considering an "interpretation advanced for the first time in a litigation brief." Mead, 533 U.S. at 228 (citing Bowen, 488 U.S. at 212-13).

With respect to the application of federal regulations generally, the government is bound by the regulations it imposes on itself. United States v. 1996 Freightliner FLD Tractor, 634 F.3d 1113, 1116 (9th Cir. 2011); (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265 (1954)). "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required." Morton v. Ruiz, 415 U.S. 199, 235 (1974); Alcaraz v. INS, 384 F.3d 1150, 1162 (9th Cir. 2004).

Having chosen to promulgate a regulation, the agency must follow that regulation. Nat'l Ass'n of Home Builders v. Norton, 340 F.3d 835, 852 (9th Cir. 2003). The Ninth Circuit explained the rational for the Accardi principle:

> An agency's failure to follow its own regulations "tends to cause unjust discrimination and deny adequate notice" and consequently may result in a violation of an individual's constitutional right to due process. NLRB v. Welcome-American Fertilizer Co., 443 F.2d 19, 20 (9th Cir. 1971); see also United States v. Newell, 578 F.2d 827, 834 (9th Cir.

> 1978). Where a prescribed procedure is intended to protect the interests of a party before the agency, "even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed." Vitarelli, 359 U.S. at 547 (Frankfurter, J., concurring); see also Note, Violations by Agencies of Their Own Regulations, 87 Harv. L. Rev. 629, 630 (1974) (observing that agency violations of regulations promulgated to provide parties with procedural safeguards generally have been invalidated by courts).

Sameena Inc. v. United States Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998).

        ii.  Analysis

The Ninth Circuit explained in Arredondo-Virula that 28 C.F.R § 541.10(b)(1) provided that: "only institution staff may take disciplinary action." 510 Fed. Appx. at 582. Further, staff was defined as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." 28 C.F.R. § 500.1(b). Id. Accordingly, the Ninth Circuit found that under the plain meaning of the law, the DHO was not authorized to discipline Petitioner. Id. This Court finds the reasoning of Arredondo-Virula persuasive. The plain meaning of the regulations, when taking into account the meaning of 'staff' as defined by the BOP in the regulation, only allows BOP employees to take disciplinary action.

Respondent argues that "[A] plain reading of the regulation clearly permits 'institution authorities' and 'institution staff' to impose discipline pursuant to the confines of the program. Therefore, interpreting 'staff' as a reference only to BOP staff circumvents the purpose and scope of the inmate discipline program." (Answer at 8.) While Respondent asserts that interpreting 'staff' to only include BOP staff circumvents the purpose of the discipline program, Respondent does not claim that the plain reading of the regulation requires BOP employees to impose discipline, or that the regulation is ambigous regarding whether non-BOP employees may discipline inmates. The BOP, in promulgating the regulation choose to define the term 'staff' as only BOP employees, and further chose to use the term in stating that "only institution staff may take disciplinary action." The plain meaning of the regulation is clear, and as such, Respondent's interpretation is not entitled to Auer deference.

The Court finds that the regulation is unambiguous. Adopting Respondent's contrary interpretation would "permit the agency, under the guise of interpreting a

regulation, to create de facto a new regulation." Chase Bank USA, N.A. v. McCoy, 131 S. Ct. 871, 882 (2011); Christensen, 529 U.S. at 588. Respondent's alternative interpretation is "plainly erroneous or inconsistent" with the regulation and not entitled to Auer deference. Id.

The regulations require the BOP to provide inmates with disciplinary hearings before a DHO employed by the BOP. The BOP is bound by the regulations it imposes on itself and was not authorized to allow staff of a privately run prison to discipline Petitioner. See United States v. 1996 Freightliner FLD Tractor, 634 F.3d at 1116. The fact that the BOP issued a memorandum creating a disciplinary procedure different than that authorized does not alleviate Respondent's responsibility to follow the regulations. See Nat'l Ass'n of Home Builders v. Norton, 340 F.3d 835, 852 (9th Cir. 2003) ("Having chosen to promulgate a regulation, the agency must follow that regulation.") As Respondent's conduct was not authorized, Petitioner is entitled to habeas corpus relief.

## IV.   RESERVATION OF REMAINING CLAIM

Petitioner is entitled to relief on his first claim that the employee of TCI did not possesses the proper authority under the regulations to saction Petitioner. Accordingly, a determination of Petitioner's second claim, namely, that the hearing officer was not impartial, is unnecessary. In granting the petition on claim one, the Court is is providing Petitioner the relief requested. See e.g., Blazak v. Ricketts, 971 F.2d 1408, 1413 (9th Cir. 1992) (A district court order requiring the state to retry the Petitioner was final because it "left nothing to be done but the execution of the judgment," "disposed of all the conviction related claims," and "granted all the relief requested."); Buckley v. Terhune, 266 F. Supp. 2d 1124, 1144 (C.D. Cal. 2002) (Further, "[e]ven if petitioner prevailed on one or more of his other claims, he could obtain no greater relief than that to which he already is entitled."). The Court therefore reserves judgment on the remaining claim. Blazak, 971 F.2d at 1413 ("[W]hen habeas is granted on a conviction issue rather than a sentencing issue, requiring the district court to resolve at one time all the issues raised in the petition could actually delay the proceedings unnecessarily and

waste the district court's scarce judicial resources.").

## V.  RECOMMENDED RELIEF

It is well established that federal district courts have broad discretion in conditioning a judgment granting habeas relief. Hilton v. Braunskill, 481 U.S. 770, 775 (1987). Pursuant to 28 U.S.C. § 2243, federal courts are authorized to dispose of habeas corpus matters "as law and justice require." "In modern practice, courts employ a conditional order of release in appropriate circumstances, which orders the [Government] to release the petitioner unless the [Government] takes some remedial action, such as to retry (or resentence) the petitioner." Harvest v. Castro, 531 F.3d 737, 741-742 (9th Cir. 2008) (citing Wilkinson v. Dotson, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting); Herrera v. Collins, 506 U.S. 390, 403 (1993); Hilton v. Braunskill, 481 U.S. at 775 ("[T]his Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."); In re Bonner, 151 U.S. 242, 259-60 (1894)).

Accordingly the Court recommends that Petitioner's good credit time be reinstated within thirty days of the adoption of the instant Findings and Recommendation by the District Court Judge unless Respondent notifies the Court of the Government's intent to provide Petitioner a new disciplinary hearing within ninety days.

## VI.  CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the Court find that Petitioner is entitled to relief with regard to the first claim of the Petition for Writ of Habeas Corpus and that Petitioner's good credit time be restored or Petitioner be granted a new disciplinary hearing.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1) and Local Rule 304. Within fourteen (14) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 27, 2014                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE